UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTIN LYNN MCVEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | No. 2:16-cv-00232-SAB<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Before the Court is Magistrate Judge Dimke's Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment and to Grant Defendant's Motion for Summary Judgment, ECF No. 19. Judge Dimke recommends this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment because the ALJ's decision is supported by substantial evidence and free of harmful legal error. Plaintiff filed timely objections to the Report and Recommendation. ECF No. 21.

**Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge. 28 U.S.C. § 636(b)(1); LMR 4, Local Rules for the Eastern District of Washington. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Record to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *Id.*

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ~ 1**

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotations omitted).

## Discussion

Plaintiff objects to Judge Dimke's findings that the ALJ did not commit harmful error. On the contrary, Plaintiff maintains the ALJ erred by failing to consider a consultative evaluation, failing to communicate with Plaintiff's treatment providers, failing to properly inquire into the possible underreporting of seizure activity, and failing to consider how work stress would affect Plaintiff's seizures.

Notably, Plaintiff does not take issue with Judge Dimke's findings that the ALJ provided specific, clear, and convincing reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. The ALJ concluded the objective evidence did not support the degree of symptoms alleged. Specifically, the ALJ noted the medical evidence was contrary to Plaintiff's testimony that she suffered at least four seizures a month. Instead, many times she reported to her treatment providers that she had been seizure free for months at a time.

Also, the ALJ found that Plaintiff's pattern of drug-seeking behavior undermined her credibility. Judge Dimke found the ALJ's conclusions regarding drug-seeking behavior were supported by substantial evidence in the record, including Plaintiff's use of more medications than prescribed, failure to take medication as prescribed, insistence on obtaining more medication, attempts to refill medications early, seeking medications from multiple providers, refilling

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ~ 2**

medications at more than one pharmacy, and repeated requests for anxiety medications after treating sources declined to prescribe them.

Plaintiff also does not take issue with the ALJ's consideration of lay testimony. For the most part, the ALJ gave little weight to the lay testimony because the testimony from Plaintiff's boyfriend, son, mother and father were internally inconsistent or was based on Plaintiff's unreliable testimony.

Finally, Plaintiff does not take issue with the ALJ's consideration of the medical opinion evidence. Judge Dimke concluded the ALJ did not error in giving Dr. Wurst's opinion great weight and did not error in rejecting Dr. Pollack's opinion because the opinion appeared to be based on Plaintiff's unreliable self-reporting and was internally inconsistent. In addition, test results indicated exaggeration and Plaintiff had been able to work in the past despite assessed severe limitations.

Instead, Plaintiff argues the ALJ failed to comply with the Order of Remand to further develop the record by considering a consultative evaluation, communicating with Plaintiff's treatment providers, considering the possibility of underreporting of seizure activity, and failing to consider the question of how stress would affect Plaintiff's seizures. Judge Dimke concluded that the ALJ's duty to develop the record was not triggered in this case because the evidence was not ambiguous and the record was adequate to allow for proper evaluation of the evidence. Following remand, the ALJ obtained additional updated records from treating neurologist Dr. Wurst. The ALJ then relied on this newly obtained medical evidence to address the Court's prior concerns regarding possible underreporting, inconsistencies in the record, and how stress affected Plaintiff's seizure activities, notably by developing an RFC that takes into account Plaintiff's need to minimize stress. The ALJ's decision is well-reasoned and supported by substantial evidence in the record.

//

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ~ 3**

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court adopts Magistrate Judge Dimke's Report and Recommendation, ECF No. 19, in its entirety.

2. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

3. Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

4. The decision of the Commissioner denying benefits is **affirmed**.

5. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 27th day of September 2017.



Stanley A. Bastian
United States District Judge